UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW PAUL BERTONI,

         Plaintiff,

              CIVIL CASE NO. 06-10215

v.

              HONORABLE PAUL V. GADOLA
FEDERAL POLICE CHIEF JOHN P.  U.S. DISTRICT COURT
WAMBACK, FEDERAL POLICE OFFICER
TIMOTHY THOMAS, FEDERAL POLICE
OFFICER TERRANCE CAMPION,

         Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Matthew Paul Bertoni originally filed this suit *pro se* against three police officers of the Veterans Administration Medical Center in Ann Arbor, Michigan. Plaintiff alleges that the officers violated his constitutional rights when he was arrested on January 17, 2003. Now before the Court is Defendants' motion for summary judgment.

**I. Background**

  **A. Factual**[1]

On January 17, 2003, Plaintiff had an outpatient physical therapy appointment at the Veterans Administration (the "VA") Medical Center in Ann Arbor, Michigan. As he was leaving

---

[1] Because this is a motion for summary judgment, the Court must take the facts in the light most favorable to the non-moving party, Plaintiffs. *See 60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432 (6th Cir. 1987).

1

the building, Plaintiff passed the pharmacy counter window and observed a woman, later identified as Cheryl Ivan, who appeared to be very upset. Ms. Ivan was yelling and allegedly threatening the pharmacist because the pharmacy had not timely filled a prescription for her boyfriend. Due to her disruptive behavior, the Medical Center police were summoned.

Detective Lieutenant Timothy Thomas, Sergeant Terrance[2] Campion, and Officer Ann Kirkaldy responded to the call. The officers confronted Ms. Ivan and sought to subdue her. After the officers' efforts were rebuffed, Ivan was seized. As the officers attempted to handcuff Ms. Ivan, Plaintiff Bertoni interjected himself into the dispute, questioning the officers as to their treatment of Ms. Ivan. Although the parties dispute the exact number and nature of Bertoni's statements, and dispute his actions taken against the officers, Bertoni alleges that he did not yell, did not threaten, and did not take any physical actions against the officers in any manner. Plaintiff admits that Defendant Campion told him to leave the area but that Plaintiff asserted his right to remain there. *See* Pl's Resp., Ex 1, Tr. pp 63-64. Plaintiff alleges that he did not leave the area as ordered because he wasn't allowed to leave, didn't think he was required to leave, and because he had a right to remain and "be an observer like several other people were." *Id.* at 64-65.

Plaintiff alleges that after he failed to leave the area Defendant Campion told Plaintiff he was under arrest and that he was going to handcuff him. Plaintiff had his hands in his pockets at the time. Bertoni admits that he didn't cooperate with the officers trying to handcuff him, but alleges that he didn't refuse the officer's orders either– merely passively resisting their effort to place him

---

[2]Sergeant Campion is alternative referred to as "Terrence" and "Terrance." Because the complaint alleges claims against "Terrance Campion" the Court will use that spelling throughout the order.

2

in handcuffs by failing to remove his hands from his pockets. *Id.* at 65-67. Soon thereafter, as many as five people, officers and nurses, surrounded Plaintiff and pressed him against the wall. Plaintiff's deposition alternatively indicates that he didn't struggle but instead "just stood there by the wall." *Id.* at 67.

Plaintiff alleges that at some point during this process Officer Campion told the group holding Plaintiff up to "take him down," or something to that effect. *Id.* At that point, the entire group fell to the floor where Plaintiff fell on his chest or face. *Id.* at 68. Plaintiff alleges that Defendant Campion then grabbed his hair, pulled Plaintiff's head up, and twice smashed it into the floor. *Id.* Plaintiff asserts that he lost consciousness until he was lifted up by the handcuffs then secured around his wrists. *Id.* at 68-69.

Defendant Campion disputes Plaintiff's allegations. Succinctly stated, Defendant Campion asserts that Plaintiff wrongly interjected himself in the altercation between the officers and Ms. Ivan. Then, after being ordered to leave the area, Plaintiff refused to leave. After Plaintiff was notified that he was under arrest, he resisted the officers' efforts to effect that arrest. As the officers attempted to handcuff Plaintiff, Defendant alleges that Plaintiff attempted to kick him. When Plaintiff lifted his legs to kick the officers, another officer grabbed Plaintiff's legs and the group subsequently became unbalanced and fell to the ground. Defendant vehemently denies smashing Plaintiff's head onto the floor, asserting that he was not in a position such that he would even be able to do so.

Neither party disputes the events following the physical altercation. After Plaintiff was arrested, handcuffed, and picked up off the floor, Plaintiff was bleeding from the head. Plaintiff

3

received medical attention at the VA Medical Center for the cut and bruise to the right side of his face. Plaintiff was cited for disorderly conduct but ripped up the ticket upon receipt. Following the arrival of Plaintiff's therapist and some brief counseling to calm him down, Plaintiff was escorted out of the medical center.

### B. Procedural

Plaintiff initially filed this suit *pro se*, seeking relief against all three officers. Although the exact nature of the initial complaint was somewhat vague, the parties generally now agree that Plaintiff's *pro se* complaint, liberally construed, asserted claims of a violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and a claim alleging that Defendants used excessive force in effecting an unreasonable seizure of him in violation of the Fourth Amendment.

After all three Defendants filed a motion for summary judgment, Plaintiff obtained counsel to represent him in this matter. Plaintiff then filed a response to Defendants' motion for summary judgment conceding that some of his claims are not viable. *See* Pl's Resp., p. 2 n.1 [docket entry #27]. In particular, Plaintiff now concedes that his claims against Defendant John Wamback and Defendant Timothy Thomas should be dismissed. *See id*. Plaintiff also concedes that because Defendant Officer Campion is a federal officer, the only viable claim against him is a *Bivens*-type claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See also Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006) ("A *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (citations omitted). And although Defendant Campion vehemently denies that he intentionally hit Bertoni's head against the

4

floor, Defendant admits there is an issue of fact as to whether this occurred and, if it did, whether the action violated Plaintiff's constitutional rights. *See* Def's Reply, p. 3 [docket entry #29]. Accordingly, the only remaining issue for summary judgement is whether Defendant Campion used excessive force in violation of the Constitution when he restrained and arrested Plaintiff Bertoni.

**II.    Legal Standard**

Defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced

by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which

the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III. Analysis

### A. Whether Defendants Used Objectively Reasonable Force Under the Circumstances

In Defendant's motion, Defendant argues that summary judgment should be granted because, even when considering the facts in a light most favorable to Plaintiff, Defendant justifiably arrested Defendant after he interjected himself into the arrest of Ms. Ivan. Defendant also argues that he used objectively reasonable force under the circumstances when arresting and handcuffing Plaintiff. Defendant notes that Plaintiff admits that he interjected himself into the situation with Ms. Ivan, that Plaintiff was ordered out of the area by Sgt. Campion, and that he failed to follow the order. Compl., ¶¶ 14-19. Plaintiff also admits that he refused to cooperate in being arrested, refusing to take his hands out of his pockets. *Id.*, ¶¶ 15-19.

Plaintiff argues that in the present case he became involved with the officers merely because he questioned the officers rough treatment of Ms. Ivan. Then, after he was notified that he was under arrest, he merely "resisted" by keeping his hands in his pockets. He never threatened the officers or took any physical action at all. Nevertheless numerous individuals neutralized the Plaintiff by pinning him to the wall before Officer Campion ordered Plaintiff to be taken down to the ground. Plaintiff asserts that given the minor infraction, the fact that he never posed a threat to anyone, and that he had already been neutralized, it was an unconstitutional use of excessive force to be tackled to the ground and have his head slammed twice onto the floor.

7

The Fourth Amendment to the United States Constitution prohibits the use of excessive force when effectuating an arrest. *St. John v. Hickey*, 411 F.3d 762, 771 (6th Cir. 2005). The United States Supreme Court recognized that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). The test a court must apply to determine if the force used was excessive is "whether the officers' actions are 'objectively unreasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *St. John*, 411 F.3d at 771 (quoting *Graham*, 490 U.S. at 397). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002) (citing *Graham*, 490 U.S. at 396). The Court of Appeals for the Sixth Circuit considers the following non-exhaustive factors when considering the officers' judgment about the level of force necessary under the circumstances: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *St. John*, 411 F.3d at 771 (quoting *Graham*, 490 U.S. at 396).

When considering the facts of the present case in a light most favorable to the non-moving Plaintiff, an analysis under the non-exhaustive *Graham* factors favors Plaintiff. There is a genuine

issue of material fact as to whether Defendant's alleged actions– ordering the group of officers and nurses then pinning Plaintiff against the wall to tackle Plaintiff to the ground, and then slamming Plaintiff's head onto the floor– were objectively reasonable. The crime at issue was not a severe one. After the altercation Plaintiff was cited for disorderly conduct, a relatively minor infraction. Plaintiff admits that he interjected himself into the arrest of Ms. Ivan. However, Plaintiff interjected in a non-physical manner; Plaintiff verbally questioned the officers' treatment of Ms. Ivan. When Plaintiff was then confronted by the officers, Plaintiff admittedly refused to leave the area and questioned the officers about his right to remain and observe the unfolding events. According to Plaintiff's account, neither of these actions were physically threatening in any way. Then, after Plaintiff was notified that he was being arrested, he declined to remove his hands from his pockets and was surrounded by numerous individuals. Although it may be possible to construe this action as "resisting arrest," taking the facts in a light most favorable to Plaintiff, and considering each of the *Graham* factors, there is a genuine issue of material fact as to whether Defendant's conduct effecting the arrest of Plaintiff was objectively reasonable. *See Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006)("Cases in this circuit clearly establish the right of people who pose no safety risk to the police to be free from gratuitous violence during arrest."); *St. John v. Hickey*, 411 F.3d 762, 774 (6th Cir. 2005) ("[T]he right of a nonviolent arrestee to be free from unnecessary pain knowingly inflicted during an arrest [i]s clearly established"). Accordingly, summary judgment in favor of Defendant Campion on this issue is not appropriate.

**B.     Whether Defendants' Actions Are Protected by Qualified Immunity**

In his motion, Defendant argues that even if his actions are deemed unreasonable, summary

9

judgment in his favor is nevertheless appropriate because of the doctrine of qualified immunity. The Court finds that qualified immunity is inapplicable in the present case.

A ruling on a governmental actor's assertion of qualified immunity involves two questions: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit,* 408 F.3d 305, 310-11 (6th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The initial inquiry is whether the defendant's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201.

In the instant case, as detailed above, taking the facts in a light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Defendant's conduct when arresting Plaintiff was objectively reasonable. *See Graham*, 490 U.S. at 396. As a result, there is a genuine issue of material fact as to whether Defendant violated Plaintiff's right to be free from the use of excessive force. *See Shreve*, 453 F.3d at 688; *St. John*, 411 F.3d at 771.

Turning to examine whether the right was clearly established, the Court of Appeals has explained:

> As this circuit has analyzed the qualified immunity issue in excessive force cases, the question of whether the reasonable officer would have known his conduct violated clearly established constitutional rights can be answered by the initial inquiry of whether the officer's use of force was objectively reasonable. *See Martin* [*v. Heideman*], 106 F.3d [1308], 1312-13 [(6th Cir.1997)]; *Walton* [*v. City of Southfield*], 995 F.2d [1331], 1342 [(6th Cir.1991)]. It is clear from this circuit's analyses in various excessive force decisions that, having concluded that the right to be free from excessive force is clearly established, whether we grant qualified immunity in a particular case depends upon whether the officer did, in fact, use excessive force ( *i.e.*, force that was not objectively reasonable). *Martin*, 106 F.3d 1312-13; *Walton*, 995 F.2d at 1342; *Kain* [*v. Nesbitt,*]156 F.3d [669], 672-73 [(6th

Cir.1998)]. To put it another way, if there is a genuine issue of fact as to whether an officer's use of force was objectively reasonable, then there naturally is a genuine issue of fact with respect to whether a reasonable officer would have known such conduct was wrongful.

*Kostrzewa v. City of Troy*, 247 F.3d 633, 641-42 (6th Cir. 2001).

Consequently, because this Court has found that, taking the facts in the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Defendant's use of force was objectively reasonable, there "naturally is a genuine issue of fact with respect to whether a reasonable officer would have known such conduct was wrongful." *Id.* Consequently, Defendant is not entitled to the protection of an affirmative defense of qualified immunity.

## IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [docket entry #21] is **GRANTED-IN-PART, DENIED-IN-PART**.

The motion is **GRANTED** to the extent that: (1) Chief John P. Wamback and Detective Lieutenant Timothy Thomas are **DISMISSED** from this cause of action; and (2) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED**.

The motion is **DENIED** to the extent that Defendant Campion is not entitled to summary judgment with respect to the remaining claims before the Court.

**SO ORDERED.**

Dated:   September 21, 2007                           s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

11

Certificate of Service

I hereby certify that on  September 21, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Jason R. Gourley; Geneva S. Halliday; Matthew E. Krichbaum           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                    .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845