# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MATTHEW PAUL BERTONI,

      Plaintiff,

v.                                         Case No. Case No. 06-CV-10215

TERRANCE CAMPION,

      Defendant.

**OPINION AND ORDER (1) DENYING PLAINTIFF'S "MOTION IN LIMINE TO PRECLUDE ADMISSION OF PLAINTIFF'S MEDICAL RECORDS . . . ,"
(2) DENYING "DEFENDANT'S MOTION IN LIMINE TO ADMIT PORTION OF VIOLATION NOTICE SETTING FORTH THE ARRESTING OFFICER'S STATEMENT OF PROBABLE CAUSE" AND
(3) DENYING "PLAINTIFF'S MOTION IN LIMINE TO ADMIT CONTEMPORANEOUS THIRD-PARTY WITNESS STATEMENTS"**

Before the court are three motions in limine. Plaintiffs' motions seek to exclude certain medical records and to admit contemporaneous third-party witness statements. Defendant seeks to admit a portion of a violation notice that sets forth the arresting officer's statement of probable cause. The court concludes that a hearing is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny all of the motions.

## I. BACKGROUND

Plaintiff alleges that Defendant Terrance Campion violated Plaintiff's Fourth Amendment rights against excessive force when Defendant arrested Plaintiff for disorderly conduct on January 17, 2003 at the Ann Arbor VA Medical Center. While

many factual issues will be determined at trial, the parties seem to agree that Plaintiff encountered Defendant by intervening when Defendant responded to a call from VA staff alleging that Ms. Cheryl Ivan, a woman at the pharmacy window, was being loud and belligerent. The evidence at issue in the motions in limine concern some of Plaintiff's medical history and certain documents that were generated after Plaintiff was arrested.

## II. DISCUSSION

### A. Plaintiff's Medical Records

The medical history at issue concerns psychological counseling that Plaintiff received as treatment for post-traumatic stress and bipolar disorder. The records consist of summaries (four by a psychology intern and one by a psychiatric doctor) that recount Plaintiff's discussion of his problems with authority and his recurring impulses and thoughts directed at disarming police officers and, in one instance, using the disarmed police officer as a shield against other officers who might be present. (Medical Records, Def.'s Exs. 1-5.) These reports range in date from about six weeks before the incident to less than eight weeks after it.

Plaintiff argues that the records are irrelevant because his excessive force claim depends upon a reasonableness inquiry directed at Defendant's actions. Because at the time of the incident Defendant was unaware of Plaintiff's medical history, Plaintiff argues that it is simply irrelevant to Plaintiff's claim. Plaintiff further argues that, even if the evidence is relevant, it is inadmissible under Federal Rule of Evidence 403 because its prejudicial value substantially outweighs its probative value. The court is not

2

persuaded.

While reasonableness is certainly the touchstone for determining a claim of excessive force under the Fourth Amendment, that inquiry is not limited solely to Defendant's knowledge at the time of the incident. The factual inquiry will depend in large part upon other witnesses, including Plaintiff, who, the court presumes in this regard, will testify. The medical record evidence, accordingly, is relevant to Plaintiff's credibility, perception of his surroundings and ability to demonstrate sound judgment. These matters are particularly relevant to the extent that Plaintiff intends to testify that he intervened because he was responding to what he perceived as officials mistreating Ms. Ivan. Mental illness can be relevant to witness credibility and trial courts in their discretion must balance possible prejudice with probative value. *Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000).

The court does not believe that unfair prejudice to Plaintiff will necessarily result with the admission of the medical evidence. A limiting instruction is likely appropriate, which will identify the proper credibility-related matters to which such evidence might be relevant. Counsel are encouraged to confer and propose a stipulated instruction to the court. In the absence of agreement, counsel may present competing instructions.[1]

### B. Violation Notices Recording Defendant's Statement of Probable Cause

Defendant argues that the disorderly violation notices that he issued to Plaintiff and Ivan should be admitted in their entirety because (1) he wrote the notices

---

[1]The court notes that Plaintiff asserts that his "psychiatric or psychological records . . . [are] confidential and protected by doctor-patient confidentiality." (Pl.'s Mot. at ¶ 5.) But Plaintiff's brief fails to advance this argument or cite any authority supporting it. The court therefore need not decide the issue.

immediately after the incident, (2) they were based on his personal knowledge and (3) written on a form that is kept in the course of the regular business practice of the Ann Arbor VA Police Department and pursuant to its regular practice of making such reports. (Def.'s Br. at 4.) He concludes that the notices are therefore admissible under Federal Rule of Evidence 803. According to Rule 803:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> **(6) Records of Regularly Conducted Activity.**--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation . . . unless the source of information or the method or circumstances of preparation

Fed. R. Evid. 803(6).

The Sixth Circuit has held that the mere fact that police reports are business records "is not, however, determinative of the question of whether the reports were properly admitted in the instant case for the purpose tendered." *United States v. Graham*, 391 F.2d 439, 447 (6th Cir. 1968). Where there is hearsay within hearsay, or double hearsay, each separate level of hearsay must fall within an exception to the hearsay rule. *See, e.g.*, *United States v. Demjanjuk*, 367 F.3d 623, 631 (6th Cir. 2004) (citing *Shell v. Parrish*, 448 F.2d 528, 533 (6th Cir. 1971)). The court is aware of no authority stating that the business record exception should apply in a manner broad enough to swallow the rule requiring level-by-level exceptions for double hearsay.

In this case, it appears that Defendant is offering the business record containing

his statement of probable cause to prove the truth of the matter asserted, *i.e.* that he had probable cause. It is not, for example, offered to rebut an allegation of recent fabrication, which would alleviate any hearsay concerns because then the purpose would be to demonstrate a consistent recollection as opposed to proving the truth of the matter asserted. *See, e.g.*, *United States v. Wolosyn*, 411 F.2d 550, 551 (9th Cir. 1969) (upholding admission of police report that was admitted for limited purpose of establishing the date that a car theft was reported). Defendant cites *Radloff v. City of Oelwein, Iowa*, 380 F.3d 344 (8th Cir. 2004), which denied a new trial in a § 1983 case and held that there was no error in admitting a police-activity log as a business record. But *Radloff* is silent about the purpose for which the log was admitted. It therefore does not aid in the court's analysis of the evidentiary issue.

The sole remaining authority that Defendant presents is *United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir. 1986), which held that "it is well established that . . . entries in a police or investigating officer's report which result from the officer's own observations and knowledge may be admitted." Again, Defendant fails to connect the dots and argue under what circumstances such admission would be proper. For the reasons stated above, the court is not persuaded that a business record in the form of a police-issued violation notice is admissible for the purpose of proving the truth of the matter asserted within the four corners of the notice. The court will therefore deny Defendant's motion.

## C. Third-Party Witness Statements

Plaintiff seeks admission of voluntary witness statements that William Lube, Annie Geiger Ferguson and Ferguson, which each relate an account of the January 17, 2003 incident. Plaintiff's primary argument is that admission of these statements will "ensure a level playing field" in the event that the court admits Defendant's hearsay statements in the violation notice. (Pl.'s Br. at 9.) This argument is mystifying, as the merits of any hearsay determination must attach to the specific evidence at issue, and not to equitable considerations about the "playing field" in light of other allegedly improperly admitted evidence. In other words, two evidentiary wrongs cannot make a right. Hearsay is hearsay, regardless of the purported admission of other hearsay, and the court's determination must rest upon reasoned analysis and application of any relevant exceptions to the rule against admitting hearsay. Moreover, the predicate for Plaintiff's argument is lacking, as the court will deny Defendant's motion to admit the hearsay that now Plaintiff seeks to counterbalance.

With respect to applicable law, Plaintiff argues that the witness statements should be admitted as present sense impressions. Federal Rule of Evidence 803 calls for the admission of such evidence, which is defined as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). There is no basis in the record for the court to conclude that these written statements were made while perceiving the incident or immediately thereafter. The incident happened in the early afternoon of January 17, 2003. The written statements bear no time stamp, but rather just the date of January 17, 2003. Further, based upon the nature of these written

statements, including their length, the court cannot conclude that they were recorded immediately after the incident. They could not have been, despite Plaintiff's assertion, contemporaneous. Rather, based upon the time involved in handwriting a page-long narrative about an event, the court concludes that the exception should not apply because of ample time giving rising to a "likelihood of deliberate or conscious misrepresentation" and the lack of "circumstantial guarantees of trustworthiness." *Cargill, Inc. v. Boag Cold Storage Warehouse, Inc.*, 71 F.3d 545, 555 (6th Cir. 1995).

For the same reasons, the court is not convinced that the residual exception of Federal Rule of Evidence 807 should apply. The statements presented are classic hearsay consisting of out of court statements made without the benefit of an oath or opportunity for cross-examination and offered to prove the truth of the matter asserted. There are no particular indicia of trustworthiness that would cast this hearsay as anything other than inherently unreliable. Under the circumstances, the court concludes that it will deny Plaintiff's motion to admit the third-party witness statements.

### III. CONCLUSION

IT IS ORDERED THAT "Plaintiff's Motion in Limine to Preclude Admission of Plaintiff's Medical Records . . ." [Dkt. # 38] is DENIED. Counsel shall submit a stipulated limiting instruction (or competing instructions if no agreement is reached) no later than **August 29, 2008**.

IT IS FURTHER ORDERED that "Defendant's Motion in Limine to Admit Portion of Violation Notice Setting Forth the Arresting Officer's Statement of Probable Cause" [Dkt. # 43] is DENIED.

IT IS FURTHER ORDERED that "Plaintiff's Motion in Limine to Admit Contemporaneous Third-Party Witness Statements" [Dkt. # 45] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2008, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522